UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ORTHOPEDIC, P.C.,

     Case No. 15-12097

   Plaintiff,

     Paul D. Borman
v.     United States District Judge

ALLSTATE INSURANCE COMPANY,  Anthony P. Patti
     United States Magistrate Judge

   Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

  This action arises from a claim for Personal Injury Protection benefits, assigned to Defendant under Michigan law, which was submitted in connection with an August 2013 auto accident involving non-party LaDawn Jones. Plaintiff filed this action seeking reimbursement for medical expenses that it incurred in treating Jones during 2014 and 2015.

  Now before the Court is Defendant's Motion for Summary Judgment. Owing largely to a significant admission by Plaintiff that it has no evidence to support a causal connection between the accident and Jones' injuries, the Court will GRANT Defendant's Motion. The Court has determined that there is no need for oral argument and will decide the matter based on the parties' written submissions. *See* E.D. Mich. LR 7.1(f).

### I. BACKGROUND

  LaDawn Jones was involved in a car accident on August 25, 2013. Since there was no auto insurance policy that covered the accident, Jones made a claim with Michigan's Automobile Insurance Placement Facility, which in turn assigned her claim to Defendant. (*See* ECF No. 12, Def.'s Mot. Summ. J. at 3.)

Plaintiff treated Jones on various occasions between March 2014 and March 2015. The total amount billed by Plaintiff during that period was $93,592.93. (*See* ECF No. 12, Ex. B, Orthopedic PC Billing Statement at 3.) Defendant issued two payments to Plaintiff, in September and November of 2014 respectively, which totaled $676.35. (*See* ECF No. 12, Ex. C, Allstate Payment Letters.)

On February 23, 2015, Plaintiff filed this four-count lawsuit in the Circuit Court of Wayne County. (ECF No. 1, Notice of Removal, Ex. A, February 23, 2015 Summons and Complaint.) The Complaint had one exhibit attached: a list of claims totaling $35,731.00. (*See id.* at 8.)

In April and May of 2015, Defendant received bills based on treatments of Jones from a company named Computerized Joint Surgery, LLC. Some of those bills were for the same treatments on the same dates that had been billed previously by Plaintiff.[1] (*See* ECF No. 12, Ex. D, Computerized Joint Surgery LLC Bills; ECF No. 12, Ex. E, Orthopedic PC Bills.) Defendant points out that in some instances, they both bill for treatments occurring at different locations on the same date. (*See* ECF No. 12 at 4.) Dr. Muhammad Awaisi, Plaintiff's owner, testified that the duplicative billing was a mistake, likely owing to an administrative error. (ECF No. 12, Ex. F, Deposition of Muhammad Awaisi at 39:11-42:20.) Dr. Awaisi also testified that according to Plaintiff's records, Jones informed Dr. Sam Hakki—the physician employed by Plaintiff that was responsible for her treatment—that she had suffered two falls in the time between the car accident in August 2013 and the beginning of her treatment in March 2014. (Awaisi Dep. 103:15-24.)

---

[1] Defendant's Motion states that it received duplicative bills for "the same dates of service and treatment being claimed by Plaintiff on 1/9/15, 1/23/15, 1/30/15, 2/6/15, 2/13/15, and 3/20/15." (ECF No. 12 at 4.) The records submitted by Defendant in Exhibits D and E, however, only show matches for three of those dates: 1/9/15, 1/30/15, and 3/20/15.

On June 8, 2015, Defendant received a billing statement from Plaintiff, dated May 20, 2015, which indicated the $95,592.93 balance mentioned above. (ECF No. 1 at 2-3.) The next day, Defendant removed the action to this Court. (ECF No. 1.) Nearly six months later, on December 4, 2015, the Court issued an Order for Plaintiff to show cause as to why the case should not be dismissed for failure to prosecute. (ECF No. 2.) The Court vacated the Order a few days later (ECF No. 4), and on the same day, Defendant filed its Answer to the Complaint. (ECF No. 3.)

According to the Scheduling Order issued on February 3, 2016, the cutoff date for fact discovery was set for August 2, 2016, and the final date for the filing of dispositive motions was set for October 31. (*See* ECF No. 7 at 1.) During that period, the Court issued two Stipulated Orders compelling participation in discovery by Plaintiffs: one compelling responses to Defendant's Second Interrogatories and Answers to Interrogatories and Request for Production of Documents (ECF No. 9), and another two weeks later compelling Plaintiff to produce two individuals for deposition by Defendant (ECF No. 10). That period also saw two attorney substitutions for Plaintiff: one in March (before the two discovery Orders, and about a month after the Scheduling Order) (ECF No. 8), and one in June (ECF No. 11).

On June 2, 2016, Defendant served Plaintiff with its Third Request for Admissions and Production of Documents. (ECF No. 12, Ex. G, Defendant's Third Request for Admissions and Production of Documents.) Defendant requested five admissions, quoted in full below:

> 1. Admit Plaintiff has no evidence to causally relate Ms. Jones' condition to the August 2013 motor vehicle accident.
>
> 2. Admit Plaintiff has no evidence to refute the fact that Ms. Jones' condition may have been caused by superseding intervening slip and fall incidents.

3. Admit Plaintiff has no evidence that Dr. Hakki rendered any treatment or services to Ms. Jones between January 2015 and March 2015 at Plaintiff's Clinton Township office.

4. Admit Plaintiff has no evidence that Ms. Jones received any treatment or services at Greater Lakes Ambulatory Surgical Center between January 2015 and March 2015.

5. Admit Plaintiff has no evidence that Dr. Hakki "improperly" billed for treatment and services rendered to Ms. Jones between January 2015 and March 2015 under his own company, Computer Joint Surgery, LLC.

(*Id.*)

Plaintiff never responded to these discovery requests, and has not at any point moved for an extension of time.

Defendant filed the present Motion for Summary Judgment on September 30, 2016. (ECF No. 12.) Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). A fact is "material" for purposes of a summary judgment motion where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Rule 56(e) identifies affidavits, depositions, and answers to interrogatories as appropriate items that may be used to support or oppose summary judgment." *Alexander v.*

4

*CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 247 (6th Cir. 1991) (internal quotation marks omitted) (quoting *Celotex*, 477 U.S. at 323). If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

"The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. The plaintiff must present more than a mere scintilla of the evidence. To support his or her position, he or she must present evidence on which the trier of fact could find for the plaintiff." *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal citations and quotation marks omitted). The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986) (footnote and internal quotation marks omitted).

In making the determination on summary judgment whether there are genuine issues of material fact for trial, the court must draw all reasonable inferences in favor of the non-moving party. *See Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). "'The central issue is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010) (quoting *In re Calumet Farm, Inc.*, 398 F.3d 555, 558 (6th Cir. 2005)). At the same time, plaintiff must produce enough evidence to allow a reasonable jury to find in his favor by a preponderance of the evidence, *Anderson*, 477 U.S. at 252, and "[t]he 'mere possibility' of a factual dispute is not enough." *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

Ultimately, the party who bears the burden of proof must present a jury question as to each element of the claim. *See Davis*, 226 F.3d at 511. Plaintiff cannot meet that burden by relying solely on "[c]onclusory assertions, supported only by [his or her] own opinions." *Arendale v. City of Memphis*, 519 F.3d 587, 560 (6th Cir. 2008). Plaintiff must show probative evidence, based "on more than mere speculation, conjecture, or fantasy," to prevail. *Id.* at 601 (quoting *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir.2004)).

All evidence submitted in opposition to a motion for summary judgment must ultimately be capable of being presented in a form that would be admissible at trial:

> The submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial. Otherwise, affidavits themselves, albeit made on personal knowledge of the affiant, may not suffice, since they are out-of-court statements and might not be admissible at trial. *See* Fed.R.Evid. 801(c), 802. However, the party opposing summary judgment must show that she can make good on the promise of the pleadings by laying out

6

> enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. Such "'evidence submitted in opposition to a motion for summary judgment must be admissible.'" *Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) (quoting *United States Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185, 1189 (6th Cir.1997)). That is why "'[h]earsay evidence . . . must be disregarded.'" *Ibid*. It is also the basis of this court's repeated emphasis that unauthenticated documents do not meet the requirements of Rule 56(e).

*CareSource*, 576 F.3d at 558-59 (internal citations omitted).

Finally, "even where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014). But the court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party. Rather, . . . the court may rely on the moving party's unrebutted recitation of the evidence . . . in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are uncontroverted." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992) (internal quotation marks omitted).

### III. ANALYSIS

Federal courts applying state law must "follow the decisions of the state's highest court when that court has addressed the relevant issue. . . . If the issue has not been directly addressed, [courts] must anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (internal citations and quotation marks omitted). "Intermediate state appellate courts' decisions are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *Id.*

Federal law governs procedural issues in diversity-jurisdiction cases. *See Jackson v. Ford Motor Co.*, 842 F.3d 902, 907 (6th Cir. 2016). Federal Rule of Civil Procedure 36(a)(3) provides that matters presented in requests for admission are "admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Under this rule, even a request that "seeks admissions on 'ultimate facts,' or is dispositive of the entire case" is permissible. *Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979). It is a "well-established rule that summary judgment may properly be entered on admitted facts, and therefore may be affirmed on such a factual record, if the facts as admitted are dispositive." *In re Lyons*, No. 98-50868-WS, 1999 WL 33955916, at *8 (E.D. Mich. Nov. 29, 1999) (internal quotation marks omitted); *see also Brady v. Stone*, No. 08-13463, 2010 WL 2870208, at *12 (E.D. Mich. July 21, 2010) ("[M]atters deemed admitted can serve as a basis for the granting of a motion for summary judgment.").

A.   **Violation of the No-Fault Act**

Plaintiff's first claim asserts that Defendant has unreasonably refused to pay the benefits assigned to it, in violation of Mich. Comp. Laws §§ 500.3142 and 500.3148. The Michigan Supreme Court has interpreted the statutory scheme that governs this claim as having an inherent causal requirement. Under Mich. Comp. Laws § 500.3105(1),

> [a]n insurer is liable to pay benefits for accidental bodily injury only if those injuries "aris[e] out of" or are caused by "the ownership, operation, maintenance or use of a motor vehicle...." It is not *any* bodily injury that triggers an insurer's liability under the no-fault act. Rather, it is only those injuries that are caused by the insured's use of a motor vehicle.

*McPherson v. McPherson*, 493 Mich. 294, 297 (2013) (quoting *Griffith v. State Farm. Mut. Auto. Ins. Co.*, 472 Mich. 521, 531 (2005)). The Michigan Supreme Court elaborated that "an injury

arises out of the use of a motor vehicle as a motor vehicle when 'the causal connection between the injury and the use of a motor vehicle as a motor vehicle is more than incidental, fortuitous, or '"but for."'" *McPherson*, 493 Mich. at 297 (quoting *Thornton v. Allstate Ins. Co.*, 425 Mich. 643, 659 (1986)).

Defendant highlights the fact that Jones reported to Dr. Hakki that she had suffered two separate falls between the accident and her first treatment by Plaintiff. That fact is relevant to the question of a causal link between the accident and Jones' treated injuries, but it is also not necessary to resolve the issue here. Plaintiff failed to respond to Defendant's June 2, 2016 requests to admit, pursuant to Fed. R. Civ. P. 36(a), that it had "no evidence to causally relate Ms. Jones' condition to the August 2013 vehicle accident," and as a result of that failure, this is an admitted fact.

Plaintiff therefore cannot meet its burden to show that the causal connection between the accident and the injury "is more than incidental, fortuitous, or 'but for.'" *Thornton*, 425 Mich. at 659. Since Plaintiff's admission has the effect of "refuting one of the essential elements of [this] cause of action," *Midwest Media*, 503 F.3d at 469, the Court will grant summary judgment for Defendant on this count.

B. **Other Claims**

The Complaint also includes claims for breach of contract, account stated, and unjust enrichment. But because of Plaintiff's admission as to its lack of causation evidence, as well as its failure to put forward any substantive evidence besides the single-page statement attached to the Complaint, the Court will dismiss those three claims as well.

"The party seeking to enforce a contract bears the burden of proving that the contract exists." *AFT Michigan v. State of Michigan*, 497 Mich. 197, 235 (2015). Plaintiff has not put

forward any evidence of a contract between Defendant and itself; their relationship resulted from the assignment of Jones' statutory benefits claims to Defendant by the Michigan Automobile Insurance Placement Facility. (*See* ECF No. 1, Ex. B, February 2014 MACP Assignment Letter.) Even assuming this somehow created a judicially enforceable contract, Plaintiff's admission that it has no evidence of causation is enough to remove any doubt that its breach of contract claim must fail. *See Miller-Davis Co. v. Ahrens Const., Inc.*, 495 Mich. 161, 177-78 (2014) (noting that "causation of damages is an essential element of any breach of contract action").

The same is true of Plaintiff's unjust enrichment claim. In Michigan, a plaintiff bringing an action for unjust enrichment must demonstrate "(1) the receipt of a benefit by the other party from the complaining party and (2) an inequity *resulting to* the complaining party *because of* the retention of the benefit by the other party." *NL Ventures VI Farmington, LLC v. City of Livonia*, 314 Mich. App. 222, 241 (2015) (emphasis added). Whether Defendant has received or retained a benefit from Plaintiff is itself dubious, but the lack of causal evidence is enough to defeat this claim too: Defendant's connection to any of the events in this case depends entirely on the existence of a causal relationship between the accident and the treated injuries.

Lastly, Michigan's "account stated" cause of action is based on "an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance." *Fisher Sand & Gravel Co. v. Neal A. Sweebe, Inc.*, 494 Mich. 543, 554 (2013) (quoting *Leonard Refineries, Inc. v. Gregory*, 295 Mich. 432, 437 (1940)). Plaintiff has offered no evidence that Defendant agreed to the balance billed to it by Plaintiff. The only evidence that Plaintiff has provided of an existing balance—in fact the only evidence that Plaintiff has provided at all—is a billing statement that it

sent to Defendant, and which was attached as the lone exhibit to the Complaint. This is insufficient. *See R. G. Moeller Co. v. Van Kampen Const. Co.*, 57 Mich. App. 308, 311 (1975) (rejecting "plaintiff's claim that defendant's liability is established upon an account stated merely by proof of the billing and the accounts receivable ledger" offered by plaintiff into evidence).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" in the summary judgment context. *Celotex*, 477 U.S. at 322. Because Plaintiff has not adduced evidence required to support necessary elements of these remaining three claims, the Court will dismiss them as well.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: February 10, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 10, 2017.

s/Deborah Tofil
Deborah Tofil, Case Manager